IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| United States of America,          ) | |
| ) | Civil Action No. 6:11-1041-JMC-KFM |
| Plaintiff,    ) | |
| ) | |
| vs.                                          ) | **REPORT OF MAGISTRATE JUDGE** |
| ) | |
| Jimmy W. Butts,                         ) | |
| ) | |
| Defendant.   ) | |

The United States of America filed this action alleging the defendant signed a promissory note in which he promised to pay the Department of Education all sums disbursed for loans to him, and the defendant thereafter breached the contract by refusing to pay in full all sums due. The defendant is proceeding in this action *pro se*. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

On July 13, 2011, the plaintiff filed a motion for summary judgment. By order of this court filed the same day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the defendant was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the defendant did not respond to the motion. Accordingly, on August 19, 2011, this court issued an order advising the defendant that he had through September 12, 2011, to file his response to the motion for summary judgment. This court further advised the defendant that if he failed to respond, judgment could be entered against him in this case. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). The defendant did not file a response.

The defendant in his answer and motion admits that he executed a promissory note wherein he promised to pay a certain sum and that he has defaulted under the terms and conditions of the note. The defendant states that he has endured severe financial hardship. The note and a certificate of indebtedness were attached as exhibit A to the complaint served upon the defendant. Per the certificate, the principal and interest balance due as of June 29, 2009, was $88,502.41. Per diem interest under the note continues to accrue at $13.07 per day (comp., ex. A at p. 1). Based upon the foregoing, this court recommends that judgment be entered for the government in the amount of $88,502.41, plus prejudgment interest of $13.07 per day from June 29, 2009, through the date of judgment. This court further recommends that the government be awarded its costs of $365.00.

The complaint seeks "costs and attorney fees as may be required by the note executed by the defendant" (comp. ¶ 8). As an exhibit to the complaint, the plaintiff submitted page one of the defendant's three page promissory note that states in pertinent part: "I will also pay collection costs including but not limited to attorney's fees and court costs" (comp., ex. A at p. 2). Based on this agreement to pay collection costs, the government seeks an award of $27,400 in attorney fees.

In his affidavit submitted in support of the request, counsel summarizes his legal experience and states that he is familiar both with the fees customarily charged by attorneys in South Carolina for handling suits on consumer claims and the services normally required for prosecution of suits such as the present student loan collection matter (pl. m.s.j., ex. A, John Martin aff. ¶ 2). He then lists the services he has rendered in this action to-date (pre-suit collection efforts through filing of the motion for summary judgment) as well as those he anticipates will be necessary to execute on whatever judgment is obtained (*id.*).

Counsel does not disclose the amount of time spent on any of these tasks or suggest a reasonable hourly rate. Counsel then states as follows:

> This claim is being handled on a contingent fee basis. A reasonable fee for an attorney with my experience would be $27,400.00 on this claim for approximately $98,000.00 in principal and interest. Taking into consideration the amount in controversy, the legal questions involved, the benefit conferred, and the time required, a reasonable attorney's fee for the attorney's services rendered in the prosecution of this claim is $27,400.00. Additional fees in the event of appeal to the Fourth Circuit Court of Appeals would be $10,000.00.

(*Id.* ¶ 3).

In a similar student loan collection case filed by the plaintiff's counsel, the Honorable Cameron McGowan Currie, United States District Judge, found as follows with regard to counsel's claim for attorney fees:

> The Government may have agreed to pay private counsel for his work on this matter on a contingent fee basis. That agreement does not, however, have any bearing on the fees which the court might award against Defendant. The latter are controlled first by the written agreement, which merely authorizes an award of fees but says nothing about how the fees should be determined. Lacking any express directive as to how fees should be determined, the court turns to case law which provides that fee awards under fee-shifting agreements or statutes should be made using a "lodestar" calculation (reasonable hourly rate multiplied by hours reasonably expended), taking twelve factors into consideration in determining the reasonableness of the hours claimed and rate sought. *See Barber v. Kimbrell's Inc.*, 577 F.2d 216 (4th Cir. 1978); *see also Grissom v. Mills Corp.*, 549 F.3d 313, 322-23 (4th Cir. 2008) (reversing award of attorneys' fees, in part because counsel failed to offer third-party support for the reasonableness of the claimed rate).
>
> In its motion, the Government makes passing reference to a few of the *Barber* factors by stating that the fee sought is proper "[t]aking into consideration the amount in controversy, the legal questions involved, the benefit conferred and the time required." Despite this apparent recognition of the controlling

> nature of the *Barber* factors, the Government (through its private counsel) fails entirely to provide the most basic information necessary for a lodestar calculation: the hours invested and reasonable rate (supported by third-party affidavits). Instead, it suggests, incorrectly, that the *Barber* factors may be used in determining the reasonableness of a contingency fee award. The fee sought is, in any event grossly disproportionate to the work involved in this action in which the Government has prevailed by virtue of Defendant's decision not to mount a defense. Under these circumstances, the court declines to award any attorney's fees against Defendant.

*United States of America v. Philip L. Marshall*, C/A No. 3:11-1133-CMC, Aug. 17, 2011 order at pp. 3-4. In this case as well, plaintiff's counsel makes passing reference to a few of the *Barber* factors in his affidavit, but he provides none of the information necessary for a lodestar calculation (*see* pl. m.s.j., ex. A, Martin aff. ¶ 3). Furthermore, the fee sought is grossly disproportionate to the work in involved in this action in which the government's only filings were the complaint and a two page motion for summary judgment. Based upon the foregoing, this court recommends that the district court decline to award any attorney fees against the defendant.

Wherefore, based upon the foregoing, this court recommends that the government's motion for summary judgment be granted in part and denied in part as set forth above.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

September 14, 2011

Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.